OPINION of the Court, b}r
Judge Boyle.
— The plaintiff declared in an assumpsit on a note, executed by r. • i r 11 - 1 i \ r ' the intestate, in the tollo wing words and figures, to wit, 41 I do promise to pay Mr. Green Clay, or his order, thirty pounds in militia certificates, for value received of him, as witness my hand this 15th day of June 1786, N. Huston.” He avers that on the —— day of —:— in the year 1804, at the usual place of residence of the intestate in the county of Lincoln, he demanded of him the said sum of thirty pounds in militia certificates.
The defendants pleaded non assumpsit ; and on the ... . . * , , . * , , . trial, the plaintiff moved the court to exclude any evidence of what was the value of the militia certificates at the time said instrument of writing was given, and to instruct the jury, that the proper measure of damages in this cause was the value of the certificates at the time the demand laid in the declaration was proved to have been made ; but the court being divided his motion was overruled, to which decision of the court lie excepted, and has now prosecuted this writ of error, ior the purpose of having the question decided by this court.
In actions upon contracts for the payment and delivery of personal property, that the value of the property, at the time stipulated for payment, and not at the date of the contract, should be the criterion in estimating the damages, is a rule founded in reason, and sanctioned by the decisions of this court. The correctness of this rule is not controverted by the plaintiff ; but it is contended, that the militia certificates were not due and payable until the time of the demand; therefore their value at that time was the proper measure of damages. Whether, where no time is limited for the performance of a contract, the party entering into the contract is hound to a performance presently, (that is in convenient (sime) or has his life to do it in, unless performance shall *462 sooner be demanded, depends upon- the nature of &⅜ act to done. If it is in its nature transitory, as the payment of money, the delivery of chattels and the like, it ought to be performed in covenient time. But if !o« cal in its nature, and no time is limited for its performance, then the obligor, if the concurrent agency of the obligee is necessary, has for life for performance, unless hastened by request. But even in local acts, if the concurrence of the obligor and obligee is not necessary, the duty accrues presently and must be performed in convenient time — -See Bothy’s case, 6th Coke’s Rep. p. 31— 1st Bac. Abr. 665, and the cases there cited. In the present case the act to be done, was evidently transitory. The militia certificates could be paid to the plaintiff wherever to be found ; they were therefore due presently’, and payable in convenient time, and the court below acted correctly in overruling the motion of-the plaintiffs,
Judgment affirmed.