Opinion op the Coükt.
THIS is an action of covenant, brought on a sealed instrument in the following words;
A contract to pay S801? ‘111 notes ^are received in ideposit in the! BranchSVI 6 Bank,’ is a contract to pay 800 paper dollars, and is not a contract to pay as many such dollars as will purchase $800 in specie.
“ For value received, I bind myself, beirs, fee. to pay Tbomas Bryan, or assigns, eight hundred dollars, on ox-before the first day of September 1820, in such bank notes as are received in deposite at that time in the Hopkinsville-Branch Bank. Whereof I have hereunto set my hand, and seal, this 12th day of March 1819.
(Signed) JNo. S. ANDERSON, [Seal.]”
On an inquiry of damages, the defendant below offered evidence to prove that notes were, when the note fell due, taken in deposite in said branch bank, of less value than specie, or currency of the United States.
This evidence was rejected, bn the objection of the plaintiff below; and the propriety of that decision, is the sole question now presented..
1. It is certain, that no verdict could be found’, or judgment rendered, except for money; that is, the cur-rencyof the Union, which by law is-made a legal tender; and the damages could not be measured by any other rule, or- liquidated by any other scale. It is im-p0rta.nt, then, to ascertain the meaning of this instrument. Did it mean that the defendant was to pay the amount in specie, or rather as many depreciated dollars in bank notes as would be equal to $800- in specie, when reduced by the scale of depreciation; or did it bind the party to pay only so many paper dollarsj of the description mentioned, as, when counted at par, would amount in number to eight hundred? That notes may be so drawn as to require the- former construction, we have no doubt; but we do not think this is one, and therefore we adopt the latter as. the meaning,.and most accordant to the intention of the parties. It is true, an instrument drawn, stipulating the payment of a certain number of dollars in cattle, wheat, or other commodities, is construed to mean so much of these articles as will amount.to that sum in specie. But the reason of this is evident. The commodities themselves- cannot be counted by dollars, as that name is never applied, to-them. But this is not the case with bank notes.. They engage to pay so many dollars, and are numerically calculated by the number they express; and, indeed, are. in common parlance called dollars; so that the expres-sion, “ eight hundred dollars in bank paper,” is universally understood to mean that many, when the numbers expressed on the face of the notes are added together, and not as including so many more, superadded, as wi]l *247 make them equal to eight hundred dollars specie. Such must have been the intention of the parties in this instrument. In conformity with this rule, this court construed the expression, “ thirty pounds in militia certificates,” to mean that number expressed on the face of the paper, in the case of Clay vs. Houston's adm'rs. 1 Bibb 461.
The obligor in such a contract, has a right to pay in notes of • the least value of any which were, at the time of payment, received in de-posite in that Bank; evidence of the specie value of such paper, ought to be admitted, and that value is the criterion of damages.
2. This being settled as the meaning of this note, the remaining question will be, as it is presumable the bank alluded to would and did take at the time, when offered, notes that were above or equal to par in specie, as well as those which were below it, in which kind was the defendant bound to pay, on the day stipulated? It is’a rule, in such covenants, where the person bound to pay has his election to discharge the demand in articles either of greater or less value or quality, the latter is taken as the proper criterion of damage sustained by a breach of the stipulation, as was held by this court m the case of Pope vs. Campbell, Hard. 31. Of course, the notes lowest in value on the day, ought, in this case, to be taken, it, then, clearly follows, that the defendant ought to have been at liberty to show what was the real value in specie, of such notes, on the day of payment, as the demand against him was about to be liquidated in specie.
We have thought it proper to say thus much on this question, as it seems to have occurred more than once in the circuit courts, and to have met with different decisions ; but not because we deem it a question of any difficulty, or involving any new principle. It depends on well known rules, as ancient as the law, applicable to every species of property, as distinguished from the circulating medium fixed by the laws of the United States; and to apply a different rule to bank notes, notwithstanding they may, in ordinary use, be substituted for money, would be a dispensation with established principles, perfectly arbitrary, which we have no authority to make.
The judgment must, therefore, be reversed, the inquest of damages be set aside, and the cause remanded, for new proceedings not inconsistent with this opinion.