JASON C. EASTON

*vs.*

SAMUEL Y. HYDE, et al.

"Certificate of Deposit ,Chicago, July 14, 1864. Hyde & Broughton have deposited in this office five hundred and thirty-five and 75-100 dollars in treasury notes to the credit of themselves, and payable to their order hereon in United States six per cent. interest bearing bonds.". *Held :*—That the above agreement is not a promissory note, but a contract to deliver U. S. bonds of the nominal value of $535.75. That the endorsement of such a contract is merely an assignment of the beneficial interest therein, and does not create such a liability as follows from the endorsement of commercial paper.

The plaintiff brought this action in the District Court for Fillmore County, as endorsee, against the defendants as endorsers of the instrument set out in the syllabus, to recover the sum of money mentioned therein and interest. Issue was joined, and the cause tried before the Court without a jury. The Court found among other things that "the defendants have not become liable to pay to the plaintiff any sum of money whatever by reason of their endorsement of said instrument in writing." Judgment was entered in favor of defendants ; the plaintiff appeals therefrom to this Court.

C. G. RIPLEY for Appellant.

JONES & BUTLER for Respondents.

Easton v. Hyde, et al.

*By the Court*—Wilson, Ch. J.—We admit, for the purposes of this case, that a certificate of deposit is in legal effect a promissory note, and that the liability of an endorser is the same whether the note is negotiable or non-negotiable.

The discussion of these questions is made unnecessary by one more radical—is this a promissory note, or a special contract for the delivery of U. S. bonds? That it is the latter seems to us the fair and natural import of the language used. The word "payable" in this connection is equivalent to the expression "to be paid," or "which I agree to pay." Nor do the intentions of the parties appear in any different light by a reference to the circumstances of the case. It is a matter of common observation which we are not at liberty to ignore, that U. S. bonds are subject to fluctuation in value, and that the deposit of money is ordinarily an advantage to the bank rather than to the depositor. Taking into consideration these matters, it cannot be presumed, contrary to the letter of the contract, that the option was given to the bank, either to refund the money when called for, or deliver the bonds as might be most to its interest.

We therefore conclude that the writing sued upon is not an agreement to pay money, but a special contract to deliver U. S. bonds of the description specified to the nominal amount of $535.75. See *Smith vs. Dunlap*, 1st *Ill.* 184. *Anderson vs. Ewing*, 3 *Littell* 245. *Phelps vs. Riley*, 3 *Conn.* 266. *Robinson vs. Noble*, 8 *Peters* 181. 3 *Parsons on Contracts* 215. *Sedgwick on Measure of Damages* 239.

This is to be distinguished from a contract stipulating the payment of a certain number of dollars in cattle, wheat, or other specific articles. Such commodities cannot be counted by dollars, as the name is never applied to them; and on a failure to deliver them at the time agreed upon, the sum of money expressed in the obligation must be the measure of

damages, unless the price at which the articles are to be received is fixed by the contract of the parties.

But a dollar is the measure of the value of U. S. bonds, so that the expression, payable "in U. S. bonds," is as universally and clearly understood as would be the expression—payable "in bank bills," "in U. S. Treasury notes," or "in gold coin." If these parties had intended that the bonds should be received at any other than their *nominal* value, they doubtless would have so provided in the contract.

These views, if correct, dispose of the case, for the endorsement on this contract is in legal effect nothing more than an assignment of the beneficial interest in it. The law relative to the liability of endorsers of commercial paper is inapplicable to the parties to such contracts.

Judgment affirmed.